# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DEMETRIUS MONTREL WILLIAMS**                                         **PLAINTIFF**

**v.**                                            **No. 3:17CV221-JMV**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                       **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Demetrius Montrel Williams, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. This case is proceeding under Magistrate Jurisdiction in accordance with 28 U.S.C. § 636(c). The plaintiff alleges that the defendants have miscalculated his sentence, subjected him to "mental sexual abuse," and placed him in extended lockdown based upon misbehavior by prisoners in other units. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

As an initial matter, the court notes that Mr. Williams suffers from a serious mental illness. He made clear in his complaint and supplements to it that he is supposed to take medication to keep him from "losing his mind." In his amended complaint, however, he states that he has stopped taking his medication. He hears voices telling him to kill himself. Prison staff tell him to take his medication, but he refuses.

Mr. Williams' complaint is not a model of clarity. The court has summarized his allegations below.

(1) **The Mississippi Department of Corrections has miscalculated the duration of his sentence.**

An inmate and case worker filed a grievance or Rule Violation Report that "took 3 years off" Williams' time sheet. This involved an incident where staff sprayed mace, and Williams caused a ruckus. After that incident, he was placed in short term segregation (4 months), then placed in the Long-term Segregation Program for high-risk offenders. He alleges that staff lied about him to have him placed in segregation. According to Mr. Williams, other errors have caused him to lose an additional 21 months of time towards his sentence. All of his efforts to correct his time sheet have failed.

(2) **His unit has been locked down based upon the actions of inmates in other units.**

(3) **He has been "mentally sexually abused."**

It does not appear that anyone has physically abused him, but he believes the following staff members are trying to seduce him: Counselor Eubanks, Officer Gardner, Officer Williams, and Captain Smith. Mr. Williams believes that these defendants are gang members and that they have threatened to kill him. He alleges that "they did kill several offenders and stab[bed] them about similar issues[.] Check records."

(4) **Placement in long-term segregation.**

At his *Spears* hearing, Mr. Williams testified that he is currently in the Long-term Segregation Program, in which he has been housed several times, usually after getting into an "altercation" with either other inmates or staff.

## Discussion

The court will address Mr. Williams' allegations in turn below.

**Miscalculation of Sentence**

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the relationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, the plaintiff's success in his claim for damages arising from the miscalculation of his sentence would necessarily draw into question the validity of his conviction or sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. The plaintiff has made no such showing; as such, this claim will be dismissed for failure to state a claim upon

which relief could be granted under 28 U.S.C. § 1915(d) as it is based upon a meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### Placement in Lockdown Based Upon the Actions of Others and Placement in Long-term Segregation

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). For this reason, the court will not second-guess prison officials regarding the placement of units on lockdown – or housing the plaintiff in long-term segregation. This is especially true when the plaintiff testified that he gets "into an altercation" with other inmates and staff with regularity.

### Mental Sexual Abuse

At his *Spears* hearing, Mr. Williams testified that a prison official "hired a homosexual," ordered the plaintiff to put his hands in the air and ordered another inmate to "stick his tongue out." Mr. Williams walked away. On another occasion, while Mr. Williams was naked in the bathroom, a prison guard offered to pay Mr. Williams if he "stroked himself." Mr. Williams simply walked out of the bathroom. As no one touched the plaintiff during these incidents, he suffered only verbal abuse, which does not rise to the level of a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274

n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997). As such, these allegations do not state a claim under § 1983.

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of October, 2018.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE